IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ANGEL DAVID NIELES PINILLA,

Petitioner,

vs.

MCCOOK DETENTION CENTER WARDEN, et al.,

Respondents.

8:26-CV-560

ORDER

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement. He seeks a writ of habeas corpus under 28 U.S.C. § 2241. Filing 1. The Court will deny the petition.

The petitioner is a citizen of Venezuela who entered the United States near El Paso, Texas in July 2023. Filing 8 at 3. He was detained by the Border Patrol, processed, and eventually released into the United States. Filing 8 at 3. He was issued a notice to appear in August, but failed to appear and was ordered removed from the United States. Filing 8 at 3-4. In January 2026 his motion to reopen his immigration proceedings, but in May he again failed to appear for his hearing and was ordered removed. Filing 8 at 4. In June he was found in a Polk County, Iowa jail and on August 14, 2026, he was taken into ICE custody. Filing 8 at 4.

Because the petitioner is subject to a now-final order of removal,[1] he must be detained pursuant to 8 U.S.C. § 1231(a)(2)(A). Pursuant to §

[1] The petitioner apparently sent a belated notice of appeal to the Board of Immigration Appeals in August, after he was taken into ICE custody, but the BIA hasn't acted on it. *See* filing 8 at 4; filing 10 at 2. At this point, based on the records before the Court and the Court's

1231(a)(2)(A), the petitioner's detention is mandatory for at least 90 days, after which time he "may be detained" or may be released under terms of supervision. *Le v. Warden, McCook ICE Det. Ctr.*, No. 4:26-CV-3041, 2026 WL 1078883, at *2 (D. Neb. Apr. 21, 2026) (citing § 1231(a)(6)). The petitioner would only be entitled to release if, after the presumptively reasonable six-month period to effect removal, there is no significant likelihood of removal in the reasonably foreseeable future. *See Codina v. Chertoff*, 283 F. App'x 432 (8th Cir. 2008) (citing *Zadvydas*, 533 U.S. 678); *see also Clark v. Martinez*, 543 U.S. 371, 386-87 (2005). But at this point, the petitioner's continued detention is consistent with due process.

The petitioner offers a number of other arguments, but none are cognizable in this proceeding. To the extent that the petitioner is asking the Court to reopen his removal proceedings or stay his removal, *see* filing 1, filing 10, the Court lacks jurisdiction over such claims. *See* 8 U.S.C. § 1252(g). The petitioner must pursue any request to reopen his removal proceedings with the administrative agency and then, if necessary, with the appropriate Court of Appeals. *See Mata v. Lynch*, 576 U.S. 143 (2015). His demand that the Court order the FBI to support his potential application for a U-visa, *see* filing 13, is beyond the scope of a habeas proceeding for the same reason.

To the extent that the petitioner is claiming to benefit from the class action in *Immigr. Ctr. for Women & Child. v. Noem*, 351 F.R.D. 324 (C.D. Cal. 2026), that claim is without merit for the reasons explained by the Court in *Polinga v. Warden, McCook Det. Ctr.*, No. 8:26-CV-435, 2026 WL 2688092 (D. Neb. Sept. 14, 2026). And to the extent that the petitioner is asking the Court to compel the respondents to provide him with medical treatment, *see* filing 13,

---

own check of the Executive Office for Immigration Review's Automated Case Information System (https://acis.eoir.justice.gov), the petitioner's order of removal is final.

because this claim does not challenge the validity or length of his detention, a writ of habeas corpus is not a proper remedy. *Hanslick Moran v. Warden, Ste. Genevieve Cnty. Det. Ctr.*, No. 1:26-CV-83, 2026 WL 1693766, at *2 (E.D. Mo. June 11, 2026) (citing *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996)).

IT IS ORDERED:

1. The petition for writ of habeas corpus is denied.

2. A separate judgment will be entered.

Dated this 8th day of October, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge